UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, | ) INJUNCTIVE RELIEF REQUESTED |
| | ) |
| Plaintiff, | ) |
| | ) |
| V | ) CASE NO: |
| | ) |
| NOODLES & COMPANY d/b/a | ) |
| Noodles & Company -Illinois, Inc. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against NOODLES & COMPANY d/b/a Noodles & Company -Illinois, Inc. ("Defendant") for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to the lawsuit occurred in the Northern District of Illinois Eastern District.

## PARTIES

3.     Plaintiff, HOWARD COHAN is a resident of the state of Florida residing in Palm Beach County, Florida.

1

4.      Except for the period of the pandemic in 2020 and 2021, Plaintiff frequently travels to Illinois and had averaged at least two (2) trips per year for the past ten (10) years. These trips to Illinois recently included several trips to the western suburbs of Chicago, including Wheaton and the Northern suburbs, including Lincolnshire, Illinois. During these trips, the Plaintiff enjoys visiting the areas shops and restaurants.

5.      Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of the Real Property, which is subject to this lawsuit, located at

   a. 900 Milwaukee Ave.
      Lincolnshire, IL
      (Hereinafter referred to as Noodles & Co – Lincolnshire")

   b. 15 Danda Square East
      Wheaton, IL 60189
      (Hereinafter referred to as Noodles & Co – Wheaton)

6.      Noodles & Co – Lincolnshire and Noodles & Co. - Wheaton are public restaurants and are, therefore, places of public accommodation.

7.      Defendant is authorized to conduct and is, in fact, conducting business within the State of Illinois.

8.      Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As a result of these medical conditions, Plaintiff suffers body weakness, mobility limitations, abnormal gate, and

abnormal balance. Additionally, his ability to lift, reach, bend, stretch and twist are substantially restricted.

9. As a result of these substantial restrictions in major life activities, the Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq.*

10. At the time of Plaintiff's visit to Noodles & Co – Lincolnshire on October 10, 2024 and Noodles & Co. - Wheaton on July 23, 2025 (and prior to instituting this action), Plaintiff suffered from a qualified disability under the ADA, and required the use of fully accessible restrooms, including accessible bathroom stalls, provided by the Defendant. Plaintiff personally visited the Noodles & Company locations in Lincolnshire and Wheaton, but was denied full and equal access and full and equal enjoyment of the facilities and amenities at both locations, even though he would be classified as a "bona fide patron".

11. While Plaintiff does not pre-determine what violations, if any, exist, it is common for many of the restaurants that he visits to have the same, or similar, ADA violations, because what they all have in common is a restroom.

12. Plaintiff is familiar with the Noodles & Co brand used by Defendant because he has utilized the amenities of many Noodles & Co in Illinois during other travels. As with the Defendant's Wheaton and Lincolnshire restaurants, other Noodle & Company restaurants visited by the Defendant have failed to comply with the ADA and, as a result, have discriminated against Plaintiff and other persons with disabilities by maintaining architectural and other barriers that deny the disabled full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within restaurant.

13. Completely independent of his personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of

discovering, encountering and being subject to discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers of access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the public accommodation to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

**COUNT I**
**ADA Violations at Noodles & Co – Lincolnshire**

14. Plaintiff incorporates Paragraphs 1 through 13 above as Paragraphs 1- 13 of this Count I.

15. On October 10, 2024, Plaintiff visited the Noodles & Co – Lincolnshire to determine whether it would be an adequate restaurant for a person with disabilities to eat including himself, while visiting the Lincolnshire area.

16. Based on a preliminary inspection of the Noodles & Co – Lincolnshire, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards, and is discriminating against Plaintiff as a result of, inter alia, the following specific barriers and violations that Plaintiff personally physically encountered and observed at the Premises:

**(1) Unisex #1 Restroom:**

    a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4

    b. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space in violation of 2010

ADAAG§§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1 when resolution is readily achievable. (Move trash can out of the clear floor area)

c. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG§§606, 606.5 when resolution is readily achievable.

d. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§604, 609 and 609.4.(Side grab Bar)

e. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG§§604,604.7 and 309.4 when resolution is readily achievable.

f. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§604, 609 and 609.4.(Rear Grab Bar)

g. Failing to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

h. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

i. Failing to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606,606.1 and 308.

j. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space in violation of 2010 ADAAG§§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1 when resolution is readily achievable. (Move Paper towel dispenser out of the clear space area)

**(2) Unisex #2 Restroom**

a. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction (trashcan) that does not comply with standards 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4, 404.2.4.1

b. Failing to provide a dispenser in an accessible position (back wall, behind the rim of toilet, or other inaccessible place) so that it can be reached by a person

5

with a disability in violation of 2010 ADAAG§§606, 606.1, 308 and 308.2.2. (Move the hanging trash can from behind the rim of the toilet)

c. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space in violation of 2010 ADAAG§§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1 when resolution is readily achievable. (Move Paper towel dispenser out of the clear space area)

d. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space in violation of 2010 ADAAG§§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1 when resolution is readily achievable. (Move trash can out of the clear floor area)

e. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG§§604,604.7 and 309.4 when resolution is readily achievable.

f. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§604, 609 and 609.4.(Rear Grab Bar)

g. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG§ 604, 604.2 when resolution is readily achievable.

h. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§604, 609 and 609.4. (Side grab bar).

i. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG§§606, 606.5 when resolution is readily achievable

j. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

k. Failing to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606,606.1 and 308.

**3) Indoor and Outdoor Seating Area:**

a. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

6

17. The foregoing violations injured the Plaintiff directly and personally because they created barriers that denied him, as well as other disabled persons, full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Noodles & Co – Lincolnshire that were afforded to able-bodied members of the community using the restaurant.

18. The foregoing violations injured the Plaintiff directly and personally because they created barriers that denied him, as well as other disabled persons, full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Noodles & Co – Lincolnshire that were afforded to able-bodied members of the community using the restaurant.

19. As a result of the foregoing violations of the ADA, the Plaintiff determined that the Defendant did not welcome him and other disabled persons at Noodles & Co – Lincolnshire because it continued to maintain discriminatory barriers long after the ADA became law in 1991 and fourteen years after the 2010 amendments became effective. As a result, the Plaintiff also suffered personal humiliation as a result of the Defendant's continuing discrimination against the disabled.

20. Plaintiff would like to be able to be a patron of the Noodles & Co – Lincolnshire in the near future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Noodles & Co – Lincolnshire to eliminate the discrimination against persons with physical disabilities.

21. Plaintiff, in his individual capacity, will return to the Noodles & Co – Lincolnshire and avail himself to the services offered at the restaurant when Defendant modifies the premises and modifies the policies and practices to accommodate individuals who have physical disabilities.

22. Plaintiff is continuously aware of the violations at Defendant's restaurant and is aware that it would be a futile gesture to return to the Noodles & Co – Lincolnshire as long as those violations exist. Plaintiff, however, is unwilling to suffer additional discrimination and humiliation by returning to a public place that is inaccessible to him and others with disabilities.

23. Additionally, Plaintiff, in his capacity as a tester, intends to return to the northern suburbs of Chicago and the Lincolnshire area this summer or fall, subject to the weather and his physical condition, to determine if any of the previously discovered ADA violations at Defendant's Noodles & Co – Lincolnshire and other places of public accommodation have been rectified. If places have made agreements with Plaintiff to rectify any specific ADA violation, Plaintiff will also return within a reasonable time after the period for making the remediations have expired to confirm compliance.

24. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

25. Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

26. To date, the readily achievable barriers and violations of the ADA alleged in Paragraph 16 above still exist at the Noodles & Co – Lincolnshire and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

27. As the owner, lessor, lessee or operator of the Noodles & Co – Lincolnshire, Defendant is required to comply with the ADA. To the extent the Noodles & Co – Lincolnshire,

or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the restaurant where removal was readily achievable, as required by 28 C.F.R. §36.402.

28. To the extent the Noodles & Co – Lincolnshire, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the restaurant was under an obligation to design and construct such premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

29. To the extent the premises, or portions thereof, were constructed for occupancy after January 26, 1993, the owner, lessor, lessee or operator of the Noodles & Co – Lincolnshire was under an obligation to design and construct such premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

30. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the Noodles & Co – Lincolnshire, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

31. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

32. The violations alleged in paragraph 16 above are readily achievable to modify in order to bring the Premises into compliance with the ADA.

33. In the instances where the 2010 ADAAG Standards do not apply to the violations listed in paragraph 16 above, the 1991 ADA Standards apply.

34.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an Order to alter the premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

a.  This Court declare that the Noodles & Co – Lincolnshire owned, operated and/or controlled by Defendant is in violation of the ADA;

b.  This Court enter an Order requiring Defendant to alter the Noodles & Co – Lincolnshire and/or its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

c.  This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

d.  This Court award reasonable attorneys' fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to Plaintiff; and

e.  This Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
### ADA Violations at Noodles & Co – Wheaton

14. Plaintiff incorporates Paragraphs 1 through 13 above as Paragraphs 1- 13 of this Count II.

15. On July 23, 2025, Plaintiff visited the Noodles & Co – Wheaton to determine whether it would be an adequate restaurant for a person with disabilities to eat including himself, while visiting the Lincolnshire area.

16. Based on a preliminary inspection of the Noodles & Co – Wheaton, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards, and is discriminating against Plaintiff as a result of, inter alia, the following specific barriers and violations that Plaintiff personally physically encountered and observed at the Premises:

**(2) Unisex #1 Restroom:**

a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4

b. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space in violation of 2010 ADAAG§§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1 when resolution is readily achievable. (Move trash can out of the clear floor area)

c. Failing to provide a dispenser in an accessible position (back wall, behind the rim of the toilet, or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG§§606, 606.1, 308 and 308.2.2.

d. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG§§604, 604.5, 604.5.1, 604.5.2, 609, 609.4 when resolution is readily achievable.

e. Failing to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

f. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG§§606, 606.5 when resolution is readily achievable.

g. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG§§604,604.7 and 309.4 when resolution is readily achievable.

h. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4. (Coat hook installed upside down)

**(2) Unisex #2 Restroom**

a. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction (trashcan) that does not comply with standards 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4, 404.2.4.1.

b. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction (trash can) that does not comply with standards 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4, 404.2.4.1 when resolution is readily achievable.

c. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG§§604,604.7 and 309.4 when resolution is readily achievable

d. Failing to provide a dispenser in an accessible position (back wall, behind the rim of the toilet, or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG.

e. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG§ 604, 604.2 when resolution is readily achievable.

f. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG§§606, 606.5 when resolution is readily achievable.

g. Failing to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

h. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4. (Coat hook installed upside down).

**3) Indoor Seating Area:**

    a. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

17. The foregoing violations injured the Plaintiff directly and personally because they created barriers that denied him, as well as other disabled persons, full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Noodles & Co – Wheaton that were afforded to able-bodied members of the community using the restaurant.

18. The foregoing violations injured the Plaintiff directly and personally because they created barriers that denied him, as well as other disabled persons, full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Noodles & Co – Wheaton that were afforded to able-bodied members of the community using the restaurant.

19. As a result of the foregoing violations of the ADA, the Plaintiff determined that the Defendant did not welcome him and other disabled persons at Noodles & Co – Wheaton because it continued to maintain discriminatory barriers long after the ADA became law in 1991 and fourteen years after the 2010 amendments became effective. As a result, the Plaintiff also suffered personal humiliation as a result of the Defendant's continuing discrimination against the disabled.

20. Plaintiff would like to be able to be a patron of the Noodles & Co – Wheaton in the near future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Noodles & Co – Wheaton to eliminate the discrimination against persons with physical disabilities.

21. Plaintiff, in his individual capacity, will return to the Noodles & Co – Wheaton and avail himself to the services offered at the restaurant when Defendant modifies the premises and modifies the policies and practices to accommodate individuals who have physical disabilities.

22. Plaintiff is continuously aware of the violations at Defendant's restaurant and is aware that it would be a futile gesture to return to the Noodles & Co – Wheaton as long as those violations exist. Plaintiff, however, is unwilling to suffer additional discrimination and humiliation by returning to a public place that is inaccessible to him and others with disabilities.

23. Additionally, Plaintiff, in his capacity as a tester, intends to return to the western suburbs of Chicago and the Wheaton area this summer or fall, subject to the weather and his physical condition, to determine if any of the previously discovered ADA violations at Defendant's Noodles & Co – Wheaton and other places of public accommodation have been rectified. If places have made agreements with Plaintiff to rectify any specific ADA violation, Plaintiff will also return within a reasonable time after the period for making the remediations have expired to confirm compliance.

24. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

25. Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

26. To date, the readily achievable barriers and violations of the ADA alleged in Paragraph 16 of this Count II still exist at the Noodles & Co – Wheaton and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

27. As the owner, lessor, lessee or operator of the Noodles & Co – Wheaton, Defendant is required to comply with the ADA. To the extent the Noodles & Co – Wheaton, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the restaurant where removal was readily achievable, as required by 28 C.F.R. §36.402.

28. To the extent the Noodles & Co – Wheaton, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the restaurant was under an obligation to design and construct such premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

29. To the extent the premises, or portions thereof, were constructed for occupancy after January 26, 1993, the owner, lessor, lessee or operator of the Noodles & Co – Wheaton was under an obligation to design and construct such premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

30. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the Noodles & Co – Wheaton, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

31. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

32. The violations alleged in paragraph 16 of this Count II are readily achievable to modify in order to bring the Premises into compliance with the ADA.

33. In the instances where the 2010 ADAAG Standards do not apply to the violations listed in paragraph 16 above, the 1991 ADA Standards apply.

34. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an Order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

f. This Court declare that the Noodles & Co – Wheaton owned, operated and/or controlled by Defendant is in violation of the ADA;

g. This Court enter an Order requiring Defendant to alter the Noodles & Co – Wheaton and/or its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

h. This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Noodles & Co – Wheaton;

i. This Court award reasonable attorneys' fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to Plaintiff; and

j. This Court award such other and further relief as it may deem necessary, just and proper.

Respectfully submitted,

HOWARD COHAN


By:  */s/ Marshall J. Burt*
         One of his attorneys

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
1338 S. Federal St. #L
Chicago, IL 60605
312-854-3833
marshall@mjburtlaw.com
IARDC #6198381

17